Justice Durham,
concurring:
¶41 I concur in the analysis and the result of the majority opinion’s treatment of the federal due process question. I write separately to note that the court should have first analyzed the state due process claim raised by the appellant.
¶42 “[A] state court always is responsible for the law of its state before deciding whether the state falls short of a national standard, so that no federal issue is properly reached when the state’s law protects the claimed right.” Hans A. Linde, E Pluribus—Consti-tutional Theory and State Courts, 18 Ga. L. Rev. 165,178 (1984).
The right question is not whether a state’s guarantee is the same as or broader than its federal counterpart as interpreted by the Supreme Court. The right question is what the state’s guarantee means and how it applies to the case at hand. The answer may turn out the same as it would under federal law. The state’s law may prove to be more protective than federal law. The state law also may be less protective. In that ease the court must go on to decide the claim under federal law, assuming it has been raised.
Id. at 179. This court has, on numerous occasions, cited this methodology favorably.
¶43 In West v. Thomson Newspapers, we observed that, as a matter of logic,
[t]he proper sequence is to analyze the state’s ... constitutional law[ ] before reaching a federal constitutional claim. This is required not for the sake either of parochialism or style, but because the state does not deny any right claimed under the federal Constitution when the claim before the court in fact is fully met by state law.
By looking first to state constitutional principles, we also aet in accordance with the original purpose of the federal system. Prior to the incorporation of the Bill of *292 Rights, state constitutions were the only source of protection for individual rights and have continued as important sources of such rights ever since. Further, a growing number of courts have recognized both the utility and the legitimacy of fully exhausting state law before resorting to the federal constitution and accordingly have adopted the primacy model.
872 P.2d 999, 1006 (Utah 1994) (first alteration in original) (footnote omitted) (citations omitted) (quoting Sterling v. Cupp, 290 Or. 611, 625 P.2d 123, 126 (1981)).
¶44 In this case, appellant devoted nearly ten pages of a thirty-four page opening brief to the state Due Process Clause, and pointed out in his reply brief that appellees had failed to respond to his state constitutional arguments. Under those circumstances, I believe the court should have addressed them. Notwithstanding the ultimate result in this case under federal law, there will remain an open question as to the constitutionality of Utah’s appointment of counsel regime. See, e.g., In re Adoption of A.W.S., 377 Mont. 234, 339 P.3d 414, 419-20 (2014) (concluding that Montana’s constitutional right to equal protection requires that counsel' be appointed for indigent parents in termination proceedings brought under the state’s Adoption Act).